UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICKI KIMBREL,

    Plaintiff,                                         Case No. 1:08-cv-1081

v                                                  HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

Plaintiff, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants' failure to provide him with a Kosher diet compatible with his gastroesophageal reflux disease (GERD) violates his rights under the First and Eighth Amendments as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants Caruso, Lafler, and Trierweiler filed a "Motion for Summary Judgment Based on Lack of Exhaustion, Sovereign Immunity and Qualified Immunity" (Dkt 19), and Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt 29). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (Dkt 34), recommending that this Court (1) either dismiss Plaintiff's claims for failure to properly exhaust administrative remedies, or, in the alternative, grant Defendants summary judgment of Plaintiff's claims; (2) deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction; and (3) dismiss without prejudice Plaintiff's claims against the remaining defendant, Defendant Wagner, for Plaintiff's failure to timely effect service.

1

The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkts 35, 40). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge explained, a prisoner asserting a § 1983 action with respect to prison conditions must first exhaust all available administrative remedies (Dkt 34 at 5). 42 U.S.C. § 1997e(a); *Jones v. Bock,* 549 U.S. 199, 216 (2007). In his objections, Plaintiff does not contest the Magistrate Judge's factual finding that he did not file a Step III grievance appeal (Dkt 35 at 1). Rather, according to Plaintiff, the Magistrate Judge's legal analysis was "oversimplified" and overlooked that Defendants "thwarted" his attempts to exhaust his administrative remedies by wrongly rejecting his claims as duplicative and placing Plaintiff on "grievance restriction" (*id.*). Plaintiff argues that the Magistrate Judge therefore erred in concluding that he failed to properly exhaust his administrative remedies (Dkt 35 at 1-3).

Plaintiff's objection lacks merit. The Magistrate Judge correctly concluded that Plaintiff failed to properly exhaust his administrative remedies. "To properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'-- rules that are defined not by the [Prisoner Litigation Reform Act], but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (internal citations omitted)). Therefore, "[c]ompliance with [the] prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. The Magistrate Judge correctly found that Plaintiff failed to comply with the relevant

policies and procedural requirements, including the MDOC grievance policy prohibiting duplicative grievances, and the Magistrate Judge properly concluded that Plaintiff's failure to comply with the relevant policies and procedural requirements did not render the administrative remedy "unavailable" (Dkt 34 at 9).

Even assuming arguendo that Plaintiff's claims can be properly brought, Plaintiff's remaining objections do not demonstrate any error in the Magistrate Judge's alternative recommendation that Defendants are entitled to summary judgment of his claims. Plaintiff objects to the Magistrate Judge's conclusion that the deprivation about which Plaintiff complains fails to implicate the Eighth Amendment's prohibition against cruel and unusual punishment (Dkt 35 at 3-4; Dkt 40 at 1-2), but Plaintiff's objection does not reveal any error in the Magistrate Judge's two-step analysis of his claim under *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (Dkt 34 at 10-12). Specifically, the Magistrate Judge properly concluded that Plaintiff's evidence does not show a sufficiently serious deprivation or that Defendants acted with deliberate indifference to Plaintiff's health or safety in failing to deviate from a diet that health officials characterized as "appropriate" (*id.* at 12).

Plaintiff also objects to the Magistrate Judge's analysis of his claims under RLUIPA and the First Amendment. Plaintiff opines, albeit without further explanation, that "Plaintiff exceeds the standard for RLUIPA" and that his First Amendment claim presents a "grieving issue for trial" (Dkt 35 at 4-5). Plaintiff's objections do not reveal error in the Magistrate Judge's conclusion that Plaintiff cannot sustain at trial his evidentiary burden of showing that the deprivation about which he complains "substantially burdened" his religious exercise (Dkt 34 at 12-14).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED.

R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court will also certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkts 35, 40) are DENIED and the Report and Recommendation (Dkt 34) is APPROVED and ADOPTED as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' "Motion for Summary Judgment Based on Lack of Exhaustion, Sovereign Immunity and Qualified Immunity" (Dkt 19) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Wagner are DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to timely effect service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt 29) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: March 31, 2010          /s/Janet T. Neff
                               JANET T. NEFF
                               UNITED STATES DISTRICT JUDGE